In the Matter of the Claim of ANTHONY ROBERT, Appellant, against DiMARCO & REIMANN and UNITED STATES FIDELITY AND GUARANTEE Co., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant appeals from a decision of the State Industrial Board confirming previous findings and decision of a referee. On March 4, 1931, claimant was employed by the employer, a subway contractor, in the work of grading and leveling a street. Claimant testified that while wheeling a loaded wheelbarrow he attempted to avoid being struck by an automobile and in so doing pulled one of the handles of the wheelbarrow toward himself, which handle struck him in the abdomen. The testimony of carrier's witness does not refute this. Immediately after this occurrence claimant went to the hospital, where he was operated on that day for a perforated gastric ulcer. Subsequently, claimant developed a ventral hernia at the site of the scar of the ulcer operation. The State Industrial Board found that the medical evidence failed to prove that the perforation of the gastric ulcer for which the operation was had or the ventral hernia were due to or the result of the accident of March 4, 1931. The memorandum decision sets forth that claimant was operated on for a perforated gastric ulcer on the date of the accident and subsequently developed a ventral hernia at the site of the scar of the ulcer operation and further that "although we believe that the ventral hernia could be caused by the operation for the perforated ulcer, we find that the weight of medical evidence fails to prove that the perforated ulcer is due to the accident of March 4, 1931." The evidence does not sustain such finding. Dr. Sandroni, the gastro-enterologist who examined claimant at the Post Graduate Hospital on July 9, 1932, found that he was then suffering from a ventral hernia, and testified that it was definitely a result of the ulcer operation. Dr. Lancer, who thereafter, on February 27, 1935, operated upon claimant for ventral hernia, also testified that the hernia was the result of the ulcer operation. As against the direct testimony of these two physicians, both of whom had examined this claimant, we have the testimony of a physician called by the carrier, who testified that he had never examined claimant but that a ventral hernia ordinarily appears "within a short time, such as nine months, but if it appears later it must have been an additional strain." In cross-examination he gave the following testimony: " Q. Doctor, there is no question though, in your mind, that the abdominal scar resulted from the operation to remove the perforated ulcer was related to the ventral hernia condition, as you said before? A. Will you repeat that, please? Q. As you said before, there is no question though, in your mind, that the abdominal scar resulting from the operation to remove the perforated ulcer was related to this ventral hernia condition? A. As I said before, assuming that the hernia is there, I have not seen the patient, there is some indirect connection." A causal relation between the accident and the perforation of the ulcer and the ventral hernia was established. Although the findings of the State Industrial Board, if supported by the evidence, shall be conclusive, such evidence must be substantial. Chief Judge Lehman, writing for the court in *Matter of Stork Restaurant, Inc., v. Boland* (282 N. Y. 256), decided by Court of Appeals March 5,

1940, says: " A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based. That requires ' such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' (*Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U. S. 197, 229.) The same test is applied in trials before a court and jury. Evidence which is sufficient to require the court to submit a question of fact to a jury is sufficient to support a finding by the administrative board. (Cf. *National Labor Relations Board* v. *Columbian E. & S. Co.,* 306 U. S. 292.)" The decision should be reversed and the matter remitted to the State Industrial Board. Decision reversed, with costs against the State Industrial Board, and matter remitted to the State Industrial Board. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.